# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**VERNE SKEETE, JR.,**

    *Plaintiff*,

v.                                Case No.: 5:20cv217-MW/MJF

**STURGEON AQUAFARMS II LLC,**
**a Florida limited liability company,**

    *Defendant.*

_____/

## ORDER DENYING MOTION TO
## INITIATE SUPPLEMENTAL PROCEEDINGS

Plaintiff moves to initiate supplemental proceedings. ECF No. 53. "Under Florida law, a party is entitled to proceedings supplementary if the party: (1) establishes that the party is the holder of an unsatisfied judgment; (2) identifies the issuing court and case number; (3) states the unsatisfied amount of the judgment; and (4) confirms that execution is valid and outstanding." *Estrada v. Sorrento Townhomes, LLC*, 164 So. 3d 675, 676 (Fla. 3rd DCA 2013).

Plaintiff does not hold an unsatisfied judgment. Instead, Plaintiff has rights under the settlement agreement. "[A] settlement agreement is essentially a contract." *Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1290 (11th Cir. 2004). Plaintiff agreed to drop his claims; Defendant agreed to pay. *See Kokkonen v.*

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (stating, in addressing a settlement agreement, "[t]he short of the matter is this: The suit involves a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit.").

Because Plaintiff does not hold an unsatisfied judgment, the motion to initiate supplemental proceedings is **DENIED**.[1] The Clerk is directed to close the file.

**SO ORDERED on November 8, 2021.**

s/Mark E. Walker<br>
**Chief United States District Judge**

---

[1] Plaintiff suggests that he seeks to assert personal liability against Mark Zaslavsky and Mark Gelman for misusing "the corporate structure." ECF No. 53 at 12, 17. As this Court noted previously, "it is not this Court's place to offer an advisory opinion on the merits of Plaintiff's arguments." ECF No. 52. This includes passing on whether Plaintiffs could assert personal liability against third parties through some other vehicle.